## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| **MILLERCOORS, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 3:19-cv-000218-WMC** |
| **v.** | ) | |
| | ) | |
| **ANHEUSER-BUSCH COMPANIES, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANHEUSER-BUSCH COMPANIES, LLC'S ANSWER TO COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Comes now Defendant Anheuser-Busch Companies, LLC ("AB"), and for its Answer, Affirmative Defenses, and Jury Trial Demand relating to MillerCoors, LLC's Complaint for Injunctive and other Relief, states as follows:

### Response to "PRELIMINARY STATEMENT"

AB admits it makes and sells Bud Light beer. AB further admits that Bud Light has run truthful advertisements that accurately describe MillerCoors' use of corn syrup as an ingredient for Miller Light and Coors Light, which MillerCoors has publicly disclosed as "Ingredients" on its webpages and elsewhere. AB further states that corn syrup is a less expensive ingredient than rice. AB further admits that its truthful advertisements are designed to increase transparency in ingredients. AB admits it uses corn syrup in some products other than Bud Light, such as Natural Light and Busch Light. AB denies all other allegations set forth in the Preliminary Statement. AB further denies that MillerCoors is entitled to any relief requested in its Complaint.

1

## <u>Response to "INTRODUCTION"</u>

1.      AB admits that Bud Light ran advertisements during Super Bowl LIII that discussed beer ingredients and states that those advertisements accurately described the ingredients used to brew Miller Lite and Coors Light and that those ingredients include corn syrup.  AB admits that nearly 100 million people viewed the Super Bowl.  Except as so stated, the allegations in Paragraph 1 are denied.

2.      AB admits that Bud Light aired television advertisements during Super Bowl LIII that discussed beer ingredients and that those advertisements accurately stated that Miller Lite and Coors Light both use corn syrup as an ingredient.  AB further admits that Bud Light does not use corn syrup as an ingredient and that its ingredients are water, rice, barley, and hops.  AB specifically denies that the advertisements were mocking in nature and that the advertisements suggested that Miller Lite and Coors Light used only corn syrup and "no other ingredients."  To the extent this paragraph purports to quote, paraphrase, or characterize the Bud Light advertisements, the advertisements speak for themselves and all statements therein must be considered in context.  Except as so stated, the allegations in Paragraph 2 are denied.

3.      Denied.  Bud Light had no intent to mislead consumers.  To the extent this paragraph purports to quote, paraphrase, or characterize an article purportedly found at https://www.foodandwine.com, any such article speaks for itself and the selective quotations in this paragraph are misleading.  Further, all statements in the interview must be read in context, which includes the actual Bud Light advertisements.

4.      Denied.  The use of quotation marks suggests that Mr. Goeler stated that when consumers drink Miller Lite or Coors Light that they put corn syrup in their bodies.  He did not

say that.  Further answering, MillerCoors has admitted corn syrup is used as an ingredient for both beers.

5.      Denied.  AB's advertisements make no claims about HFCS.  Further answering, the Beer Business Daily article does not claim to quote Mr. Goeler.  In fact, Mr. Goeler stated that consumers "absolutely" did understand the difference between HFCS and corn syrup and that consumers preferred their products to include neither as an ingredient.

6.      Denied.

7.      Denied.  MillerCoors has repeatedly admitted that corn syrup is an ingredient used to brew Miller Lite and Coors Light and that those beers are "brewed with" corn syrup and "made with" corn syrup.  Corn syrup is an ingredient and not just part of the "fermentation process" for Coors Light and Miller Lite.  It is used by MillerCoors as a substitute for more expensive ingredients like rice.  Further, MillerCoors has admitted that corn syrup affects the taste of the beers.

8.      Denied.  Further answering, AB states that the term "sugar or carbohydrate" is vague because it suggests that using pre-processed corn syrup in brewing is the same as using ingredients like rice.  Use of pre-processed corn syrup is not "intrinsic to all beer making," but instead is a substitute for more expensive ingredients such as rice.  AB specifically denies that corn syrup is used only for fermentation and denies that use of pre-processed corn syrup permits underlying hops and malt to "shine through."

9.      AB denies that Bud Light's advertisements encourage any consumers to draw any incorrect conclusions about any products mentioned in the advertisements.  AB admits it uses corn syrup in brewing certain beers sold at value price points, such as Busch Light and Natural Light.  Further admitted that corn syrup is used in other alcohol beverages, such as Stella Artois

Cidre, Stella Artois Spritzer, and Bon & Viv.  Further admitted that HFCS is used in certain

other products.  Further admitted that AB does not contend that corn syrup or HFCS is harmful

to human health.  Except as so stated, the allegations in Paragraph 9 are denied.

10.     AB denies that corn syrup is a "brewing adjunct" and not an ingredient.  AB

admits that at different times reporters and other competitors of MillerCoors have made public

that MillerCoors uses corn syrup.  AB also admits that one can locate MillerCoors' ingredients

list on its websites.  AB lacks information regarding whether MillerCoors is ashamed of its use

of corn syrup and therefore denies same.  AB further states that corn syrup is clearly an

ingredient used to brew Miller Lite and Coors Light; and that those ingredients are not disclosed

on MillerCoors packaging or bottles or cans.  Except as so stated, the allegations in Paragraph 10

are denied.

11.     AB lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in the first sentence of Paragraph 11 and therefore denies the same.  AB denies

the final three sentences of Paragraph 11.

12.     Denied.

13.     AB admits that Bud Light has spent millions of dollars on advertising for Bud

Light designed to encourage transparency in ingredients and that those advertisements are

resonating with consumers who are interested in selecting products that are transparent about

ingredients.  To the extent this paragraph purports to characterize those advertisements, the

advertisements speak for themselves and all statements therein must be considered in context.

Except as so stated, the allegations in Paragraph 13 are denied.

14.     Denied.

15.     Denied.

16.     AB admits that in the brewing of light American lager beers, the use of corn syrup is cheaper than the use of rice.  Except as so stated, the allegations in Paragraph 16 are denied.

17.     Denied.

18.     AB admits that MillerCoors has filed this lawsuit, but denies that it has any merit or that MillerCoors is entitled to any relief.

### Response "JURISDICTION AND VENUE"

19.     Paragraph 19 states a legal conclusion for which no response is required.  If a response is deemed to be required, AB denies the allegations of paragraph 19.  AB specifically denies that it has caused any injury to anyone.

20.     Paragraph 20 states a legal conclusion for which no response is required.  If a response is deemed to be required, AB denies the allegations of paragraph 20 in that no count is based on any state law claims.

21.     Paragraph 21 states a legal conclusion for which no response is required.  If a response is deemed to be required, and except as so stated, AB denies the allegations of paragraph 21.

### Response to "THE PARTIES"

22.     AB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and therefore denies the same.

23.     Admitted.

### Response to "FACTS"

24.     AB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies the same.

25.     AB denies that MillerCoors and its predecessor has sold "a number of iconic brands."  AB admits that Bud Light is the best-selling light beer in the United States and that data reports that Miller Lite and Coors Light are the second and third best-selling brands in that category.  AB further admits that MillerCoors brews and sells Coors Light and Miller Lite.  AB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25 and therefore denies the same.

26.     AB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies the same.

27.     AB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and therefore denies the same.

28.     AB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and therefore denies the same.

29.     AB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and therefore denies the same.

30.     AB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and therefore denies the same.

31.     AB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and therefore denies the same.

32.     AB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and therefore denies the same.

33.     Denied.  Further answering, AB states that corn syrup is an ingredient used to brew Coors Light and Miller Lite and it is not a fermentation aid.

34.     AB denies that it has implied that MillerCoors adds corn syrup to its final products and therefore denies the second sentence of Paragraph 34.  AB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 34 and therefore denies the same.

35.     AB admits that Bud Light's ingredients are barley, rice, water, and hops and that rice is a carbohydrate.  AB denies that use of these ingredients is "like" the use of corn syrup and denies that corn syrup in the case of Miller Lite and Coors Light is used as a "fermentation adjunct" and not an ingredient.  AB admits that it uses corn syrup in some products other than Bud Light, such as Natural Light and Busch Light, and states that it makes no health or safety claims in its advertising.  Except as so stated, the allegations of Paragraph 35 are denied.

36.     AB lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 36 and therefore denies same.

37.     AB lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 37 and therefore denies same.

38.     AB lacks information or knowledge sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 38 and therefore denies same.  AB denies the second sentence of Paragraph 38.

39.     AB admits that Bud Light ran advertisements during Super Bowl LIII and that the Super Bowl has viewership approaching 100 million people.  AB further admits that it spent millions of dollars on the commercials and that the commercials have high-quality production elements and special effects.  AB denies that any Super Bowl LIII advertising campaign for Bud Light was false or misleading.  AB further states that MillerCoors itself has repeatedly admitted

that Miller Lite and Coors Light are "made with" and "brewed with" corn syrup.  Except as so stated, the allegations of Paragraph 39 are denied.

40.      AB admits that reports indicate that over 90 million people viewed Super Bowl LIII and that reports indicate that millions more engaged in social media activity.  Except as so admitted, AB lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 40 and therefore denies same.

41.      AB admits that Bud Light aired television advertisements during Super Bowl LIII and that those advertisements cost millions of dollars.  The remaining allegations contain inaccurate and incomplete descriptions of Bud Light's advertisements and AB denies them.  Further answering, AB states that advertisements for Bud Light did accurately and lawfully compare the ingredients of Bud Light to those used to brew Miller Lite and Coors Light.

42.      Denied.

43.      AB admits that Bud Light ran a 60-second commercial titled "Special Delivery," the content of which speaks for itself.  AB lacks information sufficient to form a belief as to the truth of the allegation that the first quarter had the maximum audience that was focused on the game and commercials.  In that this paragraph purports to quote, paraphrase, or characterize the advertisement it is incomplete and misleading without context such that AB denies the allegations describing the advertisement.  Except as so stated, the allegations in Paragraph 43 are denied.

44.      AB admits that the photograph appears to be a screen shot of one frame of a 60-second commercial.  AB further states that the advertisement speaks for itself and that all statements and images must be considered in context.

45.      Denied.

46.     AB admits that the advertisement accurately communicates that corn syrup is not an ingredient of Bud Light and accurately communicates that Miller Lite does use corn syrup. AB admits that in the advertisement the Bud Light King and his entourage do embark at once on a dangerous journey to deliver the corn syrup to the Miller Lite Kingdom.  AB further states that the advertisement speaks for itself and that all statements must be considered in context.  Except as so stated, the allegations of Paragraph 46 are denied.

47.     AB admits that the quoted words are contained in the commercial and further states that the advertisement speaks for itself and that all statements must be considered in context.

48.     AB admits that the photograph appears to be a screen shot of one frame of a 60-second commercial.  AB further states that the advertisement speaks for itself and that all statements and images must be considered in context.

49.     AB admits that the quoted words are contained in the commercial and further states that the advertisement speaks for itself and that all statements must be considered in context.  AB denies that the man atop the Coors Light castle is "bumbling."

50.     AB admits that the photograph appears to be a screen shot of one frame of a 60-second commercial.  AB further states that the advertisement speaks for itself and that all statements and images must be considered in context.

51.     Denied.

52.     AB admits that the photograph appears to be a screen shot of one frame of a 60-second commercial.  AB further states that the advertisement speaks for itself and that all statements and images must be considered in context.  AB admits that Bud Light is brewed with no corn syrup.

53.     AB admits that Bud Light aired its Special Delivery advertisement during and after Super Bowl LIII on multiple networks and that it is active on other social media platforms. AB lacks knowledge or information sufficient to form a belief as to whether all described networks ran the advertisement as scheduled and therefore denies same.  Except as so stated, the allegations in Paragraph 53 are denied.

54.     AB admits that Bud Light aired a commercial called "Medieval Barbers" involving barbers in the Bud Light Kingdom who accurately recite the ingredients used to brew Bud Light and Coors Light.  Further answering, AB states that because Paragraph 54 is an incomplete description of the advertisement as a whole and the advertisement speaks for itself, AB denies the allegations of Paragraph 54 except as expressly so admitted.

55.     AB admits that the photograph appears to be a screen shot of one frame of the commercial.  AB further states that the advertisement speaks for itself and that all statements and images must be considered in context.

56.     AB admits that Bud Light's "Medieval Barbers" advertisement aired during and after Super Bowl LIII on multiple networks and that it is active on other social media platforms. AB lacks knowledge or information sufficient to form a belief as to whether all described networks ran the advertisement as scheduled and therefore denies same.  Except as so stated, the allegations of Paragraph 57 are denied.

57.     AB admits that Bud Light aired a commercial called "Trojan Horse" involving soldiers in the Bud Light Kingdom and who accurately recite the ingredients used to brew Bud Light and Miller Light.  Further answering, AB states that because Paragraph 54 is an incomplete description of the advertisement as a whole and the advertisement speaks for itself, AB denies the allegations of Paragraph 57 except as expressly so admitted.

58.     AB admits that the photograph appears to be a screen shot of one frame of the commercial.  AB further states that the advertisement speaks for itself and that all statements and images must be considered in context.

59.     AB admits that Bud Light aired a commercial called "Trojan Horse" involving soldiers in the Bud Light Kingdom and who accurately recite the ingredients used to brew Bud Light and Miller Light and include the words set out in Paragraph 59.  AB denies that the soldiers were shushed because ingredients were intended to be secret.  Rather, the soldiers were in a Trojan Horse trying to sneak into a city and therefore needed to be quiet.  Further answering, AB states that because Paragraph 59 is an incomplete description of the advertisement as a whole and the advertisement speaks for itself, AB denies the allegations of Paragraph 59 except as expressly so admitted.

60.     AB admits that the photograph appears to be a screen shot of one frame of the commercial.  AB further states that the advertisement speaks for itself and that all statements and images must be considered in context.  AB further admits that Bud Light is brewed with no corn syrup.

61.     AB admits that Bud Light aired its "Trojan Horse" advertisement during and after Super Bowl LIII on multiple networks and that it is active on other social media platforms.  AB lacks knowledge or information sufficient to form a belief as to whether all described networks ran the advertisement as scheduled and therefore denies same.  Except as so stated, the allegations in Paragraph 61 are denied.

62.     AB denies that any Bud Light advertisements or its campaign were false or misleading.  AB admits that the "Mountain Men" advertisement involved actors accurately reciting ingredients and that Paragraph 62 accurately describes the ingredients used to brew Bud

Light, Coors Light, and Miller Lite.  Further answering, AB states that because Paragraph 62 is an incomplete description of the advertisement as a whole and the advertisement speaks for itself, AB denies the allegations of Paragraph 62 except as expressly so admitted.

63.  AB admits that the photograph appears to be a screen shot of one frame of the commercial.  AB further states that the advertisement speaks for itself and that all statements and images must be considered in context.  AB admits that Bud Light is brewed with no corn syrup.

64.  AB admits that Bud Light ran an advertisement that involved cave explorers accurately reciting ingredients and that that allegations of Paragraph 64 accurately describe the ingredients used to brew Bud Light and Coors Light.  Further answering, AB states that because Paragraph 64 is an incomplete description of the advertisement as a whole and the advertisement speaks for itself, AB denies the allegations of Paragraph 64 except as expressly so admitted.

65.  AB admits that the photograph appears to be a screen shot of one frame of the commercial.  AB further states that the advertisement speaks for itself and that all statements and images must be considered in context.  AB admits Bud Light is brewed with no corn syrup.

66.  Denied.  The allegation misquotes the advertisement.

67.  AB admits that the photograph appears to be a screen shot of one frame of the commercial.  AB further states that the advertisement speaks for itself and that all statements and images must be considered in context.  AB admits Bud Light is brewed with no corn syrup.

68.  AB denies that it ran the advertisement referenced in paragraph 68 on television during the Oscars.  AB admits that Bud Light ran an advertisement on social media that involved two actors and music.  AB further admits that the photograph appears to be a screen shot of one frame of that advertisement.  Further answering, because Paragraph 68 is an incomplete

description of the advertisement as a whole and the advertisement speaks for itself, AB denies

the allegations of Paragraph 68 except as expressly so admitted.

69.     Denied.

70.     Denied, except that AB admits that the Bud Light Super Bowl LIII advertisements

were part of an overall advertising campaign revolving around transparency in ingredients and

that after Super Bowl LIII, Bud Light has continued to air the "Special Delivery" advertisement

and conducted other advertisements, including commercials, point-of-sale advertising, print

advertising, social media, packaging materials, billboards, and signs, all designed to accurately

communicate the ingredients used to brew Bud Light, Coors Light and Miller Light.

71.     AB denies that it made any false statements and that any advertisement was in

response to "backlash."  AB admits that the Bud Light King has stated (truthfully) that corn

syrup is less expensive and that Bud Light is brewed with rice, hops, barely and water even

though it would be cheaper to use corn syrup.  Except as expressly so admitted, the allegations of

Paragraph 71 are denied.

72.     AB admits that the photograph appears to be a screen shot of the February 6, 2019

Twitter post.  AB further states that the post speaks for itself and that all statements and images

must be considered in context.

73.     AB denies that it has discussed corn as an ingredient versus corn syrup.  AB

admits that corn syrup is a less expensive ingredient and that AB charges less for Busch, Busch

Light, and Natural Light, which can at times use corn syrup (as well as corn).  Further answering,

AB states that the allegations of Paragraph 73 contain ellipses and are a very shortened version

of Mr. Goeler's public statements and so the remaining allegations of Paragraph 73 are denied.

74.     Denied.

75.     AB admits that it began selling Bud Light in updated packaging after Super Bowl LIII and that the picture in Paragraph 75 appears to accurately depict a portion of that packaging. AB further states that the packaging speaks for itself and that all statements and images must be considered in context.

76.     AB admits that it began selling Bud Light in updated packaging after Super Bowl LIII and that the packaging contains in parts the quoted language above.  AB further states that the packaging must be viewed in full and the content speaks for itself such that the allegations of Paragraph 76 are denied except as expressly so admitted.  AB specifically denies the alleged implications of the packaging.

77.     Denied.

78.     Denied, except to admit it has placed accurate and truthful print advertisements that describe the ingredients of Bud Light and that the photograph appears to be of one such advertisement.

79.     Denied, except to admit the Bud Light has placed accurate and truthful billboard advertisements that describe the ingredients of Bud Light and that the photographs in Paragraph 79 appear to be of two such billboard advertisements.  AB further states that the advertisement speaks for itself and that all statements and images must be considered in context.

80.     Denied.

81.     Denied.

82.     Denied.

83.      AB admits that the photograph appears to be an accurate picture of a Natural Light Twitter post that has been removed.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.  Further answering, AB lacks knowledge or information sufficient to form a belief as to the truth of the allegations about Josh Charles' Twitter account and therefore denies the same.

93.     Denied.  Further answering, AB lacks knowledge or information sufficient to form a belief as to the truth of the allegations about the referenced Facebook account and therefore denies the same.

94.     Denied.

95.     AB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 and therefore denies the same.

96.     Denied.

97.     Denied.

98.     Denied.

**Response to "FIRST CAUSE OF ACTION FOR FALSE ADVERTISING**
**(Lanham Act Violation. 15 U.S.C. § 112S(a))"**

99.     AB incorporates herein by reference its response to each and every allegation contained in Paragraphs 1 through 98 of its Answer.

100.    Admitted.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

**Response to "SECOND CAUSE OF ACTION FOR FEDERAL TRADEMARK
DILUTION (Lanham Act Violation, 1 5 U.S. C. § 1125(c))"**

109.    AB incorporates herein by reference its response to each and every allegation

contained in Paragraphs 1 through 108 of its Answer.

110.    AB lacks knowledge or information sufficient to form a belief as to the truth of

the allegations of Paragraph 110 and therefore denies same.

111.    Denied.  Further answering, the allegations of Paragraph 111 also state legal

conclusions to which no response is required.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

AB denies each and every allegation set forth in the Complaint that is not expressly

admitted.  In addition, AB demands a trial by jury on all counts.

## AFFIRMATIVE DEFENSES

As affirmative defenses to MillerCoors' Complaint, and without assuming any burden of pleading or proof that would otherwise rest on MillerCoors, AB alleges the following:

1.    The Complaint fails to state a claim against AB upon which relief may be granted.

2.    The Complaint is barred in whole or part by the doctrines of laches, unclean hands, waiver/forfeiture, and estoppel.  MillerCoors waited to file its complaint for seven weeks. MillerCoors has engaged in conduct in the marketplace that renders it ineligible for relief in this case, including making false claims that corn syrup is a "fermentation agent" and not an ingredient, engaging in comparative advertising against AB that is itself false and misleading, and by stating that products made with HFCS are "Public Enemy No. 1."

3.    MillerCoors' claims are barred because AB's advertisements are literally true.

4.    MillerCoors' claims are barred because the advertising at issue here is true and is not misleading or likely to deceive consumer.

5.    MillerCoors' claims are barred because the advertising at issue does not imply that Bud Light is superior because it is not brewed with corn syrup, and, even if it did, such implications would be mere puffery, and consequently, would not be actionable.

6.    MillerCoors' claims are barred because the advertising at issue uses non-actionable parody and puffery and are humorous.

7.    MillerCoors' claims are barred by the First Amendment.

8.    MillerCoors has failed to mitigate its damages.

9.    Any alleged loss or damage sustained by MillerCoors was directly or proximately caused, in whole or part, by the conduct or fault of persons or entities other than AB.

10.     MillerCoors has failed to allege facts sufficient to support a claim for attorneys' fees or costs.

11.     MillerCoors' dilution claim fails and should be dismissed for the reasons set forth in AB's Motion to Dismiss.

12.     MillerCoors' dilution claim fails because AB did not use its own mark in a way that dilutes any previously-existing, famous mark of MillerCoors.

13.     MillerCoors' dilution claim fails because AB did not use any mark allegedly owned by MillerCoors in the context of sexual activity, obscenity, or illegal activity or in connection with shoddy, knockoff products.

14.     MillerCoors' dilution claim fails under the fair use exclusion of 15 U.S. § 1125(c)(3)(A) as any use of MillerCoors' alleged mark was in connection with advertising or promotion that permits consumers to compare goods or services.

15.     AB expressly reserves the right to add additional affirmative defenses as may be revealed through investigation, preparation, or discovery and to amend its Answer accordingly.

## PRAYER FOR RELIEF

WHEREFORE, as to MillerCoors' Complaint, AB respectfully requests that the Court enter judgment in its favor and against MillerCoors as follows:

1.     MillerCoors' Complaint be dismissed with prejudice;

2.     Judgment be entered for AB;

3.     AB be awarded its costs, expenses, and attorneys' fees;

4.     AB be awarded such other relief as the Court deems just and equitable.

Dated: June 7, 2019                     Respectfully submitted,

                                        GODFREY & KAHN, S.C.

                                 By:  *s/ Kendall W. Harrison*
                                        Kendall W. Harrison
                                        One East Main St., Suite 500
                                        P.O. Box 2719
                                        Madison, Wisconsin 53701-2719
                                        Phone: (608) 257-3911
                                        Fax: (608) 257-0609
                                        kharrison@gklaw.com

                                        DOWD BENNETT LLP

                                        James F. Bennett
                                        7733 Forsyth Blvd., Suite 1900
                                        St. Louis, Missouri 63105
                                        Phone: (314) 889-7300
                                        Fax: (314) 863-2111
                                        jbennett@dowdbennett.com

                                        *Attorneys for Anheuser-Busch Companies,*
                                        *LLC*