IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MILLERCOORS, LLC,

                Plaintiff,                              ORDER

v.

                                                        19-cv-218-wmc

ANHEUSER-BUSCH COMPANIES, LLC,

                Defendant.

      The court is in receipt of defendant Anheuser-Busch Companies, LLC's emergency motion to vacate, modify, and stay preliminary injunction pending appeal. (Dkt. #107.) On September 4, 2019, the court entered an order modifying its previous preliminary injunction to require defendant from "using the 'no corn syrup' language and icon on its packaging after it exhausts the challenged packaging on hand as of June 6, 2019, or on March 2, 2020 . . . whichever occurs first." (9/4/19 Op. & Order (dkt. #102) 14.) In the motion, Anheuser-Busch explains that it "was able to expeditiously use its existing packaging," and, therefore, it "no longer has any material amount of packaging inventory created before June 6, 2019." (Def.'s Mot. (dkt. #107) 1-2.) As such, defendants explains "if A-B were allowed to use only packaging created as of June 6, 2019, an injunction would take effect immediately." (*Id.* at 2.)

      Although the court is troubled by defendant's decision *to continue* to print new packaging containing language that almost certainly violated the spirit of the court's earlier injunction with respect to its television and print media, defendant is correct that the court intended to craft an injunction that would not impinge on the orderly production of Bud Light. Rather, the court intended to provide defendant with time to transition to packaging without the "no corn syrup" language and icon. As such, the court will further modify the

injunction to require compliance by November 1, 2019, based on Anheuser-Busch's representation that it cannot have packaging complying with the court's injunction until the end of October. The court will reserve on whether the defendant's conduct supports finding an "exceptional case" at the appropriate time.

As for the bulk of defendant's 27 page motion, which does *not* concern the issue of packaging supply and instead covers purported evidence and argument not properly in front of the court. Defendant cites extensively to a 30(b)(6) deposition of MillerCoors' Vice President of the Coors family of brands, Ryan Reis, in support of an argument that the court should vacate or modify the entire injunction. On August 19, 2019, defendant filed a motion to "supplement the record with contradictory testimony from MillerCoors' August 13, 2019 corporate deposition." (Dkt. #93.) On the date MillerCoors' response was due, however, the parties filed a joint motion, *removing* defendant's prior motion from the docket, and setting forth a process for submission of additional proposed findings. (Dkt. #99.). Magistrate Judge Crocker granted that joint motion that same day. (Dkt. #100.)

As such, the additional evidence in defendant's so-called "emergency" motion is *not* in front of the court.[1] The bulk of Anheuser-Busch's submission, therefore, is contrary to the parties' agreed plan of action and is entirely inappropriate. As such, the court will strike that portion of the emergency motion not concerning the packaging supply issue. After submission of supplemental facts consistent with the parties' joint motion, defendant is free to file a motion to modify the injunction. Even then, however, the court would be

---

[1] Nevertheless, Anheuser-Busch purports to fault the court for not mentioning the 30(b)(6) deposition in its September 4, 2019. (Def.'s Mot. (dkt. #107) 5.)

2

remiss not to note that the bulk of defendant's new evidence appears to concern a "literally false" Lanham Act claim that was *not* the basis for the court's original order. Instead, as explained in that opinion, the court granted a preliminary injunction on the basis that certain statements were misleading. (*See* 5/24/19 Op. & Order (dkt. #57) 22 (finding "no dispute" that these statements are "literally true;" instead, the court examined whether the statements were misleading).) Defendant should review that opinion and order *carefully* before seeking to modify the injunction based on evidence not relevant to the court's findings.

ORDER

IT IS ORDERED THAT defendant Anheuser-Busch Companies, LLC's emergency motion to vacate, modify, and stay preliminary injunction pending appeal (dkt. #107) is GRANTED IN PART AND STRUCK IN PART. The portions of the motion not concerning the packaging supply issue are STRUCK. Specifically, the court strikes pp.4, 5 (until the background section), 9-24.) The rest of the motion is GRANTED. The court's September 4, 2019, order is modified as follows: Defendant Anheuser-Busch is PRELIMINARILY ENJOINED from using the "no corn syrup" language and icon on its packaging as of November 1, 2019.

Entered this 6th day of September, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge