IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| MILLERCOORS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 19-cv-218-WMC |
| | ) | |
| ANHEUSER-BUSCH COMPANIES, LLC, | ) | ██████████████████ |
| | ) | |
| Defendant. | ) | |

**Anheuser-Busch Companies, LLC's Motion to Unseal Documents**

MillerCoors filed this case in open court claiming that Anheuser-Busch's Super Bowl commercials are misleading because they imply that corn syrup is in the final beers. As part of this case, MillerCoors repeatedly has alleged that there is "no corn syrup in the final beers" of Miller Lite and Coors Light. It has made repeated public statements to this effect, including one last week maintaining that corn syrup is "consumed during the brewing process and corn syrup is not in the final beer." ECF 181-7.

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

These documents have been shielded from becoming part of the public court file even though they relate directly to claims publicly made in court. This is because they have been designated confidential and "Attorneys' Eyes Only" by MillerCoors. That designation means that AB cannot even show the documents to its own brewing professionals who are assisting AB in its defense of the case.

Documents related to AB's trade secrets present an even more urgent concern. AB has filed a motion for leave to file a counterclaim and to amend its defenses to assert an unclean hands defense. ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ MillerCoors has designated all documents related to this issue as "Attorneys' Eyes Only." ██████████ ████████████████████████████████████████████████████. The effect of MillerCoors's designations is that AB cannot show these documents to its own employees to assist it in its defense of this case. ████████████████████████████████ ████████████████████████████████████████████████████████████ ███████████████████████████████████████████████.

Having invoked the court system, MillerCoors cannot now shield this information from scrutiny. As the Seventh Circuit has held:

> "Many a litigant would prefer that the subject of the case … be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very longstanding. People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials."

*Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000).

On October 18, 2019, AB asked MillerCoors to agree to re-designate the documents at issue in this motion. MillerCoors indicated a willingness to consider the issue, but it stated it was not able to respond until next Friday. AB is, of course, willing to discuss these matters and hopes that an agreement can be reached that would eliminate need for Court consideration.  However, time is now of the essence. ████████████████████████████████████████ ████████████████████████ AB has an urgent need to talk about these documents with its

employees with responsibility over these AB documents. There is also a firm public interest in disclosure where the documents relate so directly to matters stated in the public court file.

## BACKGROUND

MillerCoors brought this false-advertising lawsuit against AB based upon Bud Light's Super Bowl LIII advertisements which accurately state that Bud Light is brewed with rice, barley, hops, and water. ECF 1. The ads accurately state that – unlike Miller Lite and Coors Light – Bud Light is *not* brewed with corn syrup. MillerCoors argues that the ads are misleading on grounds that its beers contain "no corn syrup" because corn syrup fully ferments out in the brewing process.

On May 24, 2019, MillerCoors obtained a preliminary injunction as to certain ads based upon its "no corn syrup" claim. ECF 57, at 47-49. The Court stated that MillerCoors's claim "turns on its representation … that there is *no* corn syrup in either end product." *Id.* at 22. On June 24, MillerCoors appealed this ruling to the Seventh Circuit, arguing that "[a] pivotal fact … that is not meaningfully disputed[] is that neither Miller Lite nor Coors Light contain corn syrup of any description." Appellant's Br., at 8, *MillerCoors LLC v. Anheuser-Busch Co.*, Nos. 19-2200, 19-2713, 19-2782 (7th Cir.). On September 4 and 6, 2019, and again based on MillerCoors's "no corn syrup" claim, the injunction was expanded to apply to non-comparative statements on Bud Light's packaging. ECF 57, 102, 115.

Thus, MillerCoors (a) filed a lawsuit asserting that Bud Light's ads are false because MillerCoors's beers contain "no corn syrup"; (b) obtained a preliminary injunction based upon its "no corn syrup" claim; (c) argued to the Seventh Circuit that "neither Miller Lite nor Coors Light contain corn syrup of any description"; and (d) even as of last week, continues to assert in the marketplace that corn syrup "is consumed during the brewing process and corn syrup is not

3

in the final beer." ECF 181-7. ████████████████████████████████████

████████████████████████████████████████

### A.      The Protective Order.

In this case, a Protective Order sets forth the process for designating information as "Confidential" (Paragraph 2(a)) or "Highly Confidential – Attorneys' Eyes Only" (Paragraph 2(b)). ECF 78. Both designations are based on the "reasonable judgment of the designating party" that disclosure of such information (other than to authorized persons) "would likely cause economic harm or significant competitive disadvantage to the designating party." *Id.*, ¶ 2(a)-(b).

Paragraph 19 further states that a party "may at any time request that the designating party change the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation on any information produced. *Id.*, ¶ 19. If the designating party does not agree, the party contesting the designation can "file a motion to be relieved from" the Protective Order as to the information in question. *Id.* On such motion, "the burden of demonstrating that the information is Confidential Information shall be on the designating party." *Id.*

AB understands that in a case involving competitors, documents may initially be marked confidential. However, the parties have taken different approaches. AB has permitted the majority of the deposition testimony of its key witness (Andy Goeler) to be filed in the public court record. It has also agreed that its brewing expert reports can be made public. MillerCoors, in contrast, has designated its entire corporate representative deposition as confidential and "Attorneys' Eyes Only"; the same is true of its expert reports. It has also shielded a majority of the testimony of its other witnesses.

As discussed above, AB has asked MillerCoors to agree to re-designation of these documents. MillerCoors indicated a willingness to consider the idea, but it cannot commit to

respond until October 25. AB hopes that consultation means this matter will be resolved before the Court must spend resources considering a fully briefed motion. However, given the fast-moving nature of this case and the need to consult with its employees to protect its trade secrets, AB believes that it cannot sit back and that the process should be initiated promptly.

**B.    Documents at Issue in the Motion to Unseal.**

**1.    Counterclaim and Amended Answer.**

On October 17, 2019, AB filed its proposed Amended Answer and Counterclaim under seal (and publicly with heavy redactions) because portions of it refer to information MillerCoors designated "Confidential – Attorneys' Eyes Only." *See* ECF 162-1 (under seal), 163-1 (redacted version). It was essential for AB to discuss the referenced documents in its pleading because they set forth the factual basis for AB's Counterclaim and affirmative defenses. ████████████████

████████████████████████████████████████████████████

████████████ Under Seventh Circuit precedent, AB is entitled to pursue its Counterclaim in the public domain.

**2.    Documents relating to trade secret allegations.**

AB moved for leave to assert a Counterclaim against MillerCoors under the Defend Trade Secrets Act, the Wisconsin and Colorado Uniform Trade Secret Acts, and the common law. ECF 161-2, ¶¶ 128-167. ████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████

AB requests an order unsealing the following ████████████████████████

████████████████████████████:



- ████████████████████████████████████████████████████████████████ ECF 164-1, 164-5 through 164-12.

- ████████████████████████████████████████████████████████████████ ECF 161 (Taylor Depo.), 22:21-24.

- ████████████████████████████████████████████████████████████████ *Id.*, 247:18-248:8.

- ████████████████████████████████████████████████████████████████ *Id.*, 282:24-283:11.

**3.     Documents regarding ████ claims of "no corn syrup."**

MillerCoors's lawsuit is based on the claim that its beers contain "no corn syrup" because it fully ferments out. ████████████████████████████████████████████████████████

████████████████ whether the beers contain corn syrup was put at issue by MillerCoors through

6

this lawsuit. AB requests an order unsealing the following ██████████████████████

██████████:



- A█████████████████████████████████████████████████████████████████████████████████ ECF 164-17.

- █████████████████████████████████████████████████████████████████████████████████████ ECF 164-18.

- █████████████████████████████████████████████████████████████ ECF 141-9.

- ████████████████████████████████████████████████████████ ECF 158 (Manuele Depo.), 32:13-33:3.

- ████████████████████████ *Id.*, 36:12-21, 339:12-22.

- █████████████████████████████████████████████ ECF 161, 57:22-58:1; *see also id.*, 62:22-63:1, 63:24-64:2, 65:17-21.

- ████████████████████████████████████████████████

 ECF 117 (Reis), 46:19-24, 54:20-55:13, 137:7-138:3.

### 4.    Documents regarding MillerCoors's unclean hands.

AB has pled an unclean hands affirmative defense based upon MillerCoors's ███████



███████ The following relating to MillerCoors's unclean hands should be unsealed:

- ███████████████████████████████ ECF 164-13; *see also* ECF 164-2 ████████████████████████████████████████

- ███████████████████████████████ ECF 160 (Marino Depo.), 21:15-22:4, 29:1-21; ECF 164-14.

- ███████████████████████████████ ECF 161, 7:17-22; *see also* ECF 119-2.

- ███████████████████████████████ ECF 160, 69:1-5, 72:9-13; *see also* ECF 40-23.

- ███████████████████████ *E.g.*, ECF 164-19, at MC 171.



- ECF 161, 44:10-15, 45:2-9

## ARGUMENT

In the Seventh Circuit, documents that influence or underpin a judicial decision are presumptively "open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). Maintaining a court record open to the public is vital to the credibility of the court system:

> "Many a litigant would prefer that the subject of the case … be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very longstanding. People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property, and the third-party effects that justify the subsidy of the judicial system also justify making records and decisions as open as possible. What happens in the halls of government is presumptively public business. Judges deliberate in private but issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat, which requires compelling justification."

*Union Oil*, 220 F.3d at 567-68.

The Seventh Circuit recognizes only three classes of material subject to seal: trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence. *See Baxter*, 297 F.3d at 546; *see also United States v. Sanford-Brown*, 788 F.3d 696, 712 (7th Cir. 2015) (same); *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010) (same). "If the material in question falls within one of these three categories, the two competing

interests to be weighed by the court are the [designating] party's interest in privacy and the public's interest in transparency." *Sanford-Brown*, 788 F.3d at 712.

While Rule 26(c) allows for the protection of trade secrets and certain confidential information upon a showing of good cause, MillerCoors bears the burden to establish that each document at issue is within a recognized category of protection. Fed. R. Civ. P. 26(c)(1); *see also* ECF 78, ¶ 19 ("the burden of demonstrating that the information is Confidential Information shall be on the designating party"). It must also show that disclosure of such information will result in a "clearly defined and very serious injury." *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 341 (N.D. Ill. 1998); *see also In re Syngenta Actions*, 2018 WL 309837, at *2 (S.D. Ill. 2018) (noting that courts "have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements"). Specifically, MillerCoors "must explain how disclosure would cause harm and why the harm predicted warrants secrecy." *Formax Inc v. Alkar-Rapidpak-MP Equip.*, 2014 WL 792086, at *2 (E.D. Wis. 2014).

## I.   MillerCoors Cannot Show Good Cause to Maintain the Documents Under Seal.

MillerCoors has designated virtually every document it has produced as "Confidential – Attorneys' Eyes Only." However, the Protective Order does not grant carte blanche for MillerCoors "to decide what portions of the record shall be kept secret." *Citizens First Nat'l Bank v. Cincinnati Ins.*, 178 F.3d 943, 945 (7th Cir. 1999). Instead, the Court "must determine what parts of the [record] contain material that ought, upon a neutral balancing of the relevant interests, be kept out of the public record." *Id.* at 946. AB requests that a small number of documents and testimony that are relevant to the central issues of this case be unsealed. None of

the documents is a MillerCoors trade secret. Whether its beers contain corn syrup was put at issue by MillerCoors. MillerCoors cannot satisfy the good-cause standard.

First, AB should be permitted to file its Counterclaim publicly. "Courts do not serve as private arbiters of the parties; the presumption [is] that judicial proceedings are public." *Promega Corp. v. Life Tech.*, 2010 WL 3121811, at *5 (W.D. Wis. 2010). "It is particularly inappropriate to conceal the complaint because it serves not only the purpose of giving notice to the defendant, but also to other parties who may have an interest in the lawsuit." *Id.* As the Seventh Circuit stated in *Union Oil*, "[l]itigation about trade secrets regularly is conducted in public; the district court seals only the *secrets* (and writes an opinion omitting secret details); no one would dream of saying that every dispute about trade secrets must be litigated in private." 220 F.3d at 567 (emphasis in original).

AB's Counterclaim relates . AB filed its Counterclaim under seal (and with heavy redactions) because it necessarily discusses certain documents that MillerCoors has designated "Confidential – Attorneys' Eyes Only." It was necessary for AB to discuss the contents of such documents in its Counterclaim because those documents form the factual predicate for AB's claims under the Defend Trade Secrets Act, the Wisconsin and Colorado Uniform Trade Secrets Acts, and the common law. Consistent with *Union Oil*, AB has a right to litigate its trade-secret claims in the public domain.

████████████████████████████████████████████████ MillerCoors has

no "right to keep third parties from learning what this litigation is about." *Baxter*, 297 F.3d at

548.

       Second, ████████████████████████████████

████████████████████████████████████████.[1] No

MillerCoors trade secrets are at issue. AB is not seeking the disclosure of any formula, method,

or process that would reveal MillerCoors's recipes or brewing processes. It is no secret that corn

syrup is an ingredient in Miller Lite and Coors Light. MillerCoors has published this fact on its

website since 2014, and earlier this year took out a full-page ad in the *New York Times* stating

that "the 'corn syrup,' is a fact." ECF 40-8. Competitors would not gain an unfair advantage by

learning that Miller Lite and Coors Light contain corn syrup in the final product. *E.g.*, *Baxter*,

297 F.3d at 547 (describing a trade secret as information whose "economic value depends on its

secrecy"); *see also IDX Sys. v. Epic Sys.*, 285 F.3d 581, 583 (7th Cir. 2002) (vague or

inconclusive claims that information is a trade secret are inadequate); *Syngenta*, 2018 WL

309837, at *2 (rejecting claim that "sensitive internal discussions about business strategy" were

trade secret); *Roumann Consulting v. T.V. John & Son*, 2019 WL 3501513, at *8 (E.D. Wis.

2019) (claims that documents "contain confidential business information" insufficient).

       ████████████████████████████████████

████████████████████ MillerCoors has forfeited any claim to confidentiality by placing

---

[1] *E.g.*, Wis. Stat. § 134.90(1)(c) (defining "trade secret" as "information, including a formula, pattern, compilation, program, device, method, technique or process" that "derives independent economic value … from not being generally known to, and not being readily ascertainable by proper means, by other persons who can obtain economic value from its disclosure or use," and "[t]he information is the subject of efforts to maintain its secrecy that are reasonable under the circumstances").

the issue squarely into controversy through its false-advertising lawsuit. *E.g.*, *Poznak v. PNC Bank Corp. & Affiliates Long Term Disability Plan*, 2012 WL 405081, at *1 (E.D. Wis. 2012) (denying motion to seal medical treatment and financial records on grounds that "the plaintiff essentially forfeited her secrecy by filing this lawsuit in federal court, putting her medical condition and any other information contained in the administrative record squarely at issue"). While many litigants "would prefer that the subject of the case ... be kept from the curious," when a plaintiff "call[s] on the courts, [it] must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials." *Union Oil*, 220 F.3d at 567-68.

MillerCoors sued AB on the basic assumption that Miller Lite and Coors Light do not contain corn syrup in the final product. Indeed, MillerCoors continues to assert this claim in the marketplace to this day. On October 17, 2019, the Vice President of Communications made the following statement on behalf of MillerCoors: "Corn syrup is a brewing adjunct, serving the same basic function to feed yeast as rice does in Bud Light…. It is consumed during the brewing process and corn syrup is not in the final beer." ECF 181-7. Having filed a lawsuit on this basis, MillerCoors cannot assert confidentiality over documents that relate to the critical issue of whether corn syrup is present in the final beers.

The same is true of the documents at issue showing that MillerCoors has acted with unclean hands ████████████████████████████████████████████████ ████████████████████████████████████ Once again, these documents do not comprise trade secrets and are not subject to any claim of privilege or statutory protection. Rather, it appears that MillerCoors has designated these documents as confidential because they are unfavorable. ██████████████████████████████████████████████████ ██████████████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

███████████████████████████████

███████████████████████ The documents relating to MillerCoors's

unclean hands should be unsealed.

Third, the information is critical to the disposition of this case. MillerCoors's false

advertising count is based upon its █████ claim that its beers do not contain corn syrup because

it fully ferments out. *E.g.*, ECF 86, ¶ 11 ("To be abundantly clear, ***there is no corn syrup*** (or

HFCS) in the final glass, can, or bottle of *Miller Lite* or *Coors Light* that consumers ultimately

drink."). ███████████████████████████████████████████

███████████████████████████████ MillerCoors cannot shield this crucial

evidence from the public. When information is "vital to claims made in litigation [it] must be

revealed." *Baxter*, 297 F.3d at 547.

Finally, no "clearly defined and very serious injury" would result. MillerCoors cannot

credibly contend that would be injured by the disclosure of ███████████████████

██████████████ when it has published on its website (without qualification) that corn

syrup is an ingredient since 2014. *E.g.*, ECF 40-1, 40-2. And, there is no injury to MillerCoors

from the disclosure of █████████████████████. The fact that

"disclosure may allow competitors to paint [MillerCoors] in an unfavorable light … is

insufficient to render the information confidential. If litigation documents are sealable simply

because they can be used to portray a company in an unflattering way, the public would have

access to precious few." *Forst v. Smithkline Beecham*, 639 F. Supp. 2d 948, 957 (E.D. Wis. 2009).

## II.     The Public Interest in Transparency Outweighs Any Interest in Privacy.

Even if the documents at issue were trade secrets or otherwise protected (which again, they are not), there is a strong public interest in transparency that sharply outweighs any purported interest of MillerCoors in privacy. In obtaining a preliminary injunction, MillerCoors argued that an injunction would serve the public interest "because members of the public have an obvious interest in 'not being deceived about the products they purchas[e].'" ECF 9, at 37 (citing *Int'l Kennel Club of Chicago v. Mighty Star*, 846 F.2d 1079, 1092 n.8 (7th Cir. 1988)). MillerCoors further argued that "th[is] public interest in truthful advertising … lies at the heart of the Lanham Act." ECF 9, at 37 (quoting *Abbott Labs. v. Mead Johnson*, 971 F.2d 6, 19 (7th Cir. 1992)).

Those principles apply here. MillerCoors has brought a false-advertising lawsuit against AB based on a false premise that the corn syrup is 100% fermented out of its beers. ████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████ The public has a right to not "be[] deceived about the products they purchas[e]." The public likewise has an interest in being informed of the allegations that form the basis of AB's Counterclaim. The documents, testimony, and Counterclaim should be unsealed.

### CONCLUSION

For the reasons set forth above, AB respectfully requests an Order unsealing its proposed Counterclaim as well as the documents and testimony set forth in Exhibits A and B to the Declaration of Kendall W. Harrison in Support of Anheuser-Busch Companies, LLC's Motion to Unseal.

Dated: October 22, 2019                    Respectfully submitted,

                                           **GODFREY & KAHN, S.C.**

                                           By*: /s/ Kendall W. Harrison*
                                           Kendall W. Harrison
                                           Jennifer L. Gregor
                                           One East Main St., Suite 500
                                           Madison, WI, 53703
                                           Phone: (608) 284-2627
                                           Fax: (608) 257-0609
                                           kharrison@gklaw.com
                                           jgregor@gklaw.com

                                           **DOWD BENNETT LLP**
                                           James F. Bennett
                                           Megan S. Heinsz
                                           Michael J. Kuhn
                                           Matthew K. Crane
                                           Adam J. Simon
                                           7733 Forsyth Blvd., Suite 1900
                                           St. Louis, Missouri 63105
                                           Phone: (314) 889-7300
                                           Fax: (314) 863-2111
                                           jbennett@dowdbennett.com
                                           mheinsz@dowdbennett.com
                                           mkuhn@dowdbennett.com
                                           mcrane@dowdbennett.com
                                           asimon@dowdbennett.com

                                           **ULMER & BERNE LLP**
                                           Thomas M. Williams
                                           500 W. Madison St., Suite 3600
                                           Chicago, IL 60661
                                           Phone: (312) 658-6556
                                           twilliams@ulmer.com

                                           *Attorneys for Anheuser-Busch Companies,*
                                           *LLC*