In the

# United States Court of Appeals
## For the Seventh Circuit



CERTIFIED COPY
A True Copy
Teste:
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

Nos. 19-2200, 19-2713, 19-2782, 19-3097 & 19-3116

MOLSON COORS BEVERAGE COMPANY USA LLC,
       *Plaintiff-Appellant, Cross-Appellee,*

*v.*

ANHEUSER-BUSCH COMPANIES, LLC,
       *Defendant-Appellee, Cross-Appellant.*

Appeals from the United States District Court
for the Western District of Wisconsin.
No. 19-cv-218-wmc — **William M. Conley**, *Judge*.

ARGUED SEPTEMBER 23, 2019, and APRIL 28, 2020 —
DECIDED MAY 1, 2020

Before EASTERBROOK, HAMILTON, and ST. EVE, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Bud Light, Miller Lite, and Coors Light are the best-selling light beers in the United States. Bud is made by Anheuser-Busch, Miller and Coors by Molson Coors (called MillerCoors when this case began). The beers' producers regularly attack each other in print and televised campaigns. For example, Miller is touted with the

2                                                                              Nos. 19-2200 *et al.*

slogan "Tastes Great, Less Filling". Early in 2019 Anheuser-Busch began to advertise that Bud Light is made using rice, while Miller Lite and Coors Light use corn syrup as a source of sugar that yeast ferments into alcohol.

Molson Coors responded in the market and in court. In the market it advertised that its beers taste better *because of* the difference between rice and corn syrup (which, it added, differs from the high-fructose corn syrup used to sweeten soft drinks and other consumer products). In court it contended that Anheuser-Busch violates §43 of the Lanham Act, 15 U.S.C. §1125, by implying that a product made *from* corn syrup also *contains* corn syrup.

The district judge's initial opinion concluded that Anheuser-Busch is free to advertise that Bud Light is made using rice while Molson Coors's products are made using corn syrup. *MillerCoors, LLC v. Anheuser-Busch Cos.*, 385 F. Supp. 3d 730 (W.D. Wis. 2019). The judge added, however, that Anheuser-Busch cannot say or imply anything that would cause consumers to think that its rival's products *contain* corn syrup. The opinion ended with a statement that most but not all of Anheuser-Busch's advertising is proper. Molson Coors appealed; Anheuser-Busch did not.

While the appeal was pending, the district judge issued a new order, purporting to amend the existing one, forbidding Anheuser-Busch from using point-of-sale packaging with the language "no corn syrup" or an equivalent icon. 2019 U.S. Dist. LEXIS 149954 (W.D. Wis. Sept. 4, 2019). Anheuser-Busch appealed from that order. Two days later the district judge modified the modification, 2019 U.S. Dist. LEXIS 152559 (W.D. Wis. Sept. 6, 2019), and Anheuser-Busch appealed again.

When the appeals were argued at the end of last September, only the first of the district court's decisions had been covered by the briefs. And the oral argument was dominated by procedural questions rather than the merits. The district court had not issued an injunction complying with Fed. R. Civ. P. 65(d)—and by modifying each decision after an appeal had been filed, the district court raised some complex questions about both its jurisdiction and ours. Seeking to clear the way for a substantive decision, we remanded with instructions to issue a proper preliminary injunction that would cover all of the issues that the district court's three separate orders had resolved. *MillerCoors LLC v. Anheuser-Busch Cos.*, 940 F.3d 922 (7th Cir. 2019). The district court issued such an order, and cross-appeals were filed. After receiving a new round of briefs, we heard oral argument a second time and now can tackle the merits.

The briefs take us on a tour of trademark law, covering issues both procedural (such as when a district court may presume, or find, irreparable injury) and substantive (such as when an advertiser's knowledge that some consumers will misunderstand truthful statements should be taken as equivalent to an intent to deceive them). Compare *Mead Johnson & Co. v. Abbott Laboratories*, 201 F.3d 883 (7th Cir. 2000), modified on denial of rehearing, 209 F.3d 1032 (7th Cir. 2000), with *Eli Lilly & Co. v. Arla Foods, Inc.*, 893 F.3d 375 (7th Cir. 2018). We have concluded, however, that it is not necessary to pursue any of those issues, because this case is and always has been simple.

The basic contention has been that the true statement "their beer is made using corn syrup and ours isn't" wrongly implies that "their beer contains corn syrup". Molson Coors

4                                               Nos. 19-2200 *et al.*

acknowledges that Miller Lite and Coors Light are made using corn syrup, while Bud Light is not. Molson Coors also identifies corn syrup as an "ingredient" in Miller Lite and Coors Light. The ingredient list for Miller Lite is: "Water, Barley Malt, Corn Syrup (Dextrose), Yeast, Hops and Hop Extract". *See* [https://www.molsoncoors.com/sites/molsonco/files/Molson%20Coors%20US%20Product%20Nutritional%20Information%203-16-20_0.pdf](https://www.molsoncoors.com/sites/molsonco/files/Molson%20Coors%20US%20Product%20Nutritional%20Information%203-16-20_0.pdf). The ingredient list for Coors Light is: "Water, Barley Malt, Corn Syrup (Dextrose), Yeast, Hop Extract". *Ibid.*

Molson Coors insists that a list of "ingredients" differs from what the finished products "contain". That's possible, and the omission of alcohol from the list of ingredients could support a conclusion that Molson Coors treats that word as a synonym for "inputs". Yet common usage equates a product's ingredients with its constituents—indeed, some of Molson Coors's own managers testified that a beer "contains" what's on the ingredients list. At all events Anheuser-Busch has not advertised that its rival's products "contain" corn syrup. True, it has made statements from which some consumers doubtless infer that some corn syrup avoids fermentation and makes it into the beer. Still, Molson Coors's own statements yield the same inference. Many people infer from a list of a finished product's "ingredients" that things on the list are in the finished product. If Anheuser-Busch has led consumers to believe this, it is hard to see why those statements can be enjoined.

By choosing a word such as "ingredients" with multiple potential meanings, Molson Coors brought this problem on itself. It is enough for us to hold that it is not "false or mis-

leading" (§1125(a)(1)) for a seller to say or imply, of a business rival, something that the rival says about itself. Whether that "something" is good because it improves flavor (Miller and Coors's take) or bad (Bud's) is for consumers rather than the judiciary to decide. If Molson Coors does not like the sneering tone of Anheuser-Busch's ads, it can mock Bud Light in return. Litigation should not be a substitute for competition in the market.

The judgment is affirmed to the extent that it denies Molson Coors's request for an injunction (and is challenged in Molson Coors's two appeals) and reversed to the extent that the Bud Light advertising or packaging has been enjoined (and is challenged in Anheuser-Busch's three appeals). To the extent that the injunction prevents Anheuser-Busch from stating that Miller Lite or Coors Light "contain" corn syrup, it is vacated. (Because Anheuser-Busch has never stated this, or said that it wants to do so, that aspect of the order is advisory.) The case is remanded to the district court for further proceedings consistent with this opinion. The first issue on remand will be whether any question remains for trial, or whether our decision instead wraps up the proceedings.