IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MOLSON COORS BEVERAGE COMPANY
USA, LLC,

                Plaintiff,                 ORDER

v.                                       19-cv-218-wmc

ANHEUSER-BUSCH COMPANIES, LLC,

                Defendant.

Plaintiff Molson Coors Beverage Company USA, LLC, operating as MillerCoors, LLC, during much of the relevant period of this lawsuit, and referred to here as "Molson Coors," brought this lawsuit under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), claiming that defendant Anheuser-Busch Companies, LLC's then newly-launched, sweeping advertising campaign amounted to false advertising to the extent it was designed to mislead consumers into believing corn syrup remained in Miller Lite and Coors Light products after the brewing process was completed. (Compl. (dkt. #1).) In ruling on plaintiff's motion for preliminary injunction, this court agreed that Molson Coors had at least some chance of ultimately prevailing on its claim and, therefore, temporarily enjoined defendant Anheuser-Busch from: using phrases like "100% less corn syrup" or "no corn syrup" in reference to its own product, Bud Light, or using "corn syrup" without including "brewed with," "made with" or "uses" in referring to Miller Lite and/or Coors Light, or describing "corn syrup" as an ingredient "in" plaintiff's finished products. (Prelim. Inj. (dkt. #189).)

On appeal, however, the Seventh Circuit vacated the preliminary injunction because Molson had listed corn syrup as an "ingredient" on websites for Miller Lite and Coors Light products:

> By choosing a word such as "ingredients" with multiple possible meanings, Molson Coors brought this problem on itself. It is enough for us to hold that it is not "false or misleading" (§1125(a)(1)) for a seller to say or imply, of a business rival, something that the rival says about itself.

*Molson Coors Beverage Co. USA LLC v. Anheuser-Busch Cos., LLC*, 957 F.3d 837, 839 (7th Cir. 2020). Thus, the court remanded the case for further proceedings, but noted that "[t]he first issue on remand will be whether any question remains for trial, or whether our decision instead wraps up the proceedings." *Id.*

With this task in mind, the court (1) directed the parties to meet and confer as to what, if anything, remains to plaintiff's claims; and (2) to the extent the parties still disagreed, set a briefing schedule on what fact questions remain in dispute. (Dkt. #312.) Not surprisingly, the parties could not reach an agreement, and having now reviewed the parties' respective submissions, the court will dismiss this case consistent with the Seventh Circuit's ruling.

I.  **Plaintiff's False Advertising Claims**

Plaintiff Molson Coors contends that it is still entitled to a permanent injunction on its Lanham Act claims because its "webpage has now been changed to clarify that while corn syrup is used as an adjunct to aid fermentation, it is consumed by yeast during that process, and is not present in the final products." (Pl.'s Br. (dkt. #316) 11.) Fair enough, but this change made *after* the Seventh Circuit's decision does not provide an opening to

2

seek a permanent injunction based on ads that ran before February 2019. Considered in light of plaintiff's own statements as to the "ingredients" in its Miller Lite and Coors Light products at that time, the Seventh Circuit's opinion leaves little room for argument. Nor has plaintiff advanced sufficient changed *facts* to make applicable the "changed-circumstances" cases cited by plaintiff.

Instead, plaintiff appears to be arguing a right to a permanent injunction because ads that defendant *may* run in the future would no longer be supported by plaintiff's recent changes to its website. Unfortunately for plaintiff, this possibility does not provide an opening for entering a permanent injunction for a variety of reasons. First, injunctive relief is warranted only in the face of "an actual and imminent injury in fact." *Schirmer v. Nagode*, 621 F.3d 581, 585 (7th Cir. 2010). The record before the court does not permit such a finding, since defendant Anheuser-Busch discontinued use of the offending language in response to this court's preliminary injunction, and plaintiff has not shown that defendant has renewed doing so since that injunction was lifted by the Seventh Circuit. Second, whether a correct reading of the language of the Lanham Act or not, the Seventh Circuit's opinion leaves little to no room for this lower court to conclude defendant may not rely on plaintiff's own, albeit now past, ingredients disclosure for at least some period of time given that only the ingredients list, and not the brewing process itself, has changed. Accordingly, the court will apply the law of the case, grant defendant's motion for summary judgment,

3

and direct entry of judgment in defendant's favor on plaintiff's Lanham Act false advertisement claim.[1]

At the same time, as defendant concedes, a finding that plaintiff has not demonstrated any entitlement to a permanent injunction in this case does not foreclose plaintiff from bringing a new lawsuit should defendant begin to run new advertisements about the presence of corn syrup in its finished products that plaintiff maintain are demonstrably false, especially in light of its corrected statements explaining what the actual "ingredients" of their light beer products are. *See Lucky Brand v. Marcel Fashions*, 140 S. Ct. 1589, 1596 (2020) (explaining that there is no claim preclusion where later action "involved different marks, different legal theories, and different conduct"). Moreover, the actual language of the Lanham Act and Seventh Circuit precedent appears to recognize that "truth" is not an absolute defense to a truly misleading or false advertising claim. *See* 15 U.S.C. § 1125(a) (prohibiting "false or misleading" statements); *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 820 (7th Cir. 1999) (explaining that "claims that may be literally true or ambiguous, but which implicitly convey a false impression, are misleading in context, or likely to deceive consumers" are actionable under the Lanham Act). Finally, 50 years of behavioral economics and 100 years of marketing would strongly support the traditional interpretation of the language of the Lanham Act to preclude truth from being an absolute defense, even setting aside the incredible waste of economic resources on cross-

---

[1] In its amended complaint, plaintiff also asserted a federal trademark dilution claim, 15 U.S.C. § 1125(c) (Am. Compl. (dkt. #86) ¶¶ 113-20), but the parties stipulated to dismissal of that claim (dkt. #138), which the court accepted (dkt. #142).

advertising intended falsely to sway consumers during the five to ten seconds most spend before choosing a product, as well as the need for sufficient statutory or ethical constraints to limit what Richard Thaler and others refer to as notorious or dark images. *See* Richard H. Thaler & Cass R. Sunstein, *Nudge: Improving Decisions About Health, Wealth and Happiness* (2008); Russell S. Winer & Ravi Dhar, *Marketing Management* (4th ed. 2010).[2]

## II. Defendant's Counterclaim

The parties also briefed whether defendant's proposed counterclaim for violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.*, warrants further consideration. (Def.'s Proposed Am. Answ. & Countercl. (dkt. #162-1).)[3] However, the court never granted defendant leave to proceed on this claim, and as defendant acknowledges in its brief, it only sought to add this counterclaim because of Federal Rule of Civil Procedure 18, which permits joinder of claims. Indeed, defendant represents that if its pending

---

[2] Specifically, although the court agrees with defendant that the Seventh Circuit's opinion is law of this case, and includes such sweeping language as to preclude looking behind its "simpl[icity]" at defendant's motive, the court would be remiss not to note that plaintiff has now unearthed overwhelming documentation of defendant's intent to mislead consumer's as to the presence of corn syrup in the finished products despite it knowing that none or virtually none were present. Although the Seventh Circuit has concluded in this case, whether such "false or misleading" statements are "good" or "bad" is "for consumers rather than the judiciary to decide" in "competition in the market," hopefully that ruling will be limited to the narrow facts of this case and not act as an anchor to historical assumptions about the "rational consumer" that decades of economic and psychological research, and hundreds of billions (if not trillions) of dollars of advertising, has demonstrated is largely a myth (or at minimum, far more complicated) when it comes to the snap judgments of a typical consumer of food or drink in this and other free market economies. *See* Steven M. Sheffrin, *Behavioral Law and Economics Is Not Just a Refinement of Law and Economics*, Oeconomia, 7-3 (2017), available at https://journals.openedition.org/oeconomia/2640.

[3] The court also notes that defendant's proposed amended answer and counterclaims includes counterclaims for violation of Wisconsin and Colorado's respective Uniform Trade Secrets Acts, conversion, and tortious interference claims, but neither party mentions these other counterclaims.

summary judgment motion of plaintiff's claim is granted -- which this opinion and order now does -- then it will seek to transfer venue of its nascent claim under 28 U.S.C. § 1404.

The court sees no reason to keep this case open to adjudicate a proposed counterclaim for which the court has yet to grant defendant leave to proceed.  Moreover, in light of the three-year statute of limitations under the Defendant Trade Secrets Act, *see* 18 U.S.C. § 1836(d), defendant is not prejudiced by the court's decision to deny defendant's motion to add this counterclaim.  (*See* Proposed Am. Answ. & Countercl. (dkt. #162-1) ¶ 1 (alleging that AB received notice of the alleged stolen trade secrets on September 25, 2019).)

Accordingly,

IT IS ORDERED that:

1) Defendant Anheuser-Busch Companies, LLC's motion to file a counterclaim and amended answer (dkt. #162) is DENIED.

2) Defendant's motion for summary judgment (dkt. #177) is GRANTED.

3) Plaintiff Molson Coors Beverage Company USA, LLC's motion for partial summary judgment (dkt. #184) is DENIED.

4) Defendant's motion to exclude plaintiff's expert Yoram Wind's opinions (dkt. #227), defendant's motion to exclude expert opinions and testimony from Anthony Manuele and John S. White, Ph.D. (dkt. #229), plaintiffs motion to exclude certain testimony of defendant's expert Brett Taubman, Ph.D. (dkt. #235), plaintiff's motion to compel documents (dkt. #280), and defendant's motion to unseal (dkt. #295) are all DENIED AS MOOT.

5) The clerk of court is directed to enter judgment in defendant's favor and close this case.

Entered this 27th day of May, 2022.

                              BY THE COURT:

                              /s/
                              _____
                              WILLIAM M. CONLEY
                              District Judge