IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MOLSON COORS BEVERAGE COMPANY
USA, LLC,

                Plaintiff,                                ORDER

    v.

                                                                   19-cv-218-wmc

ANHEUSER-BUSCH COMPANIES, LLC,

                Defendant.

---

On May 31, 2022, the court entered judgment in favor of defendant Anheuser-Busch Companies, LLC on plaintiff Molson Coors Beverage Company USA, LLC's false advertising claims. (5/27/22 Op. & Order (dkt. 327) and Judgment (dkt. 328).) The court also denied defendant's request to add a trade secrets counterclaim against plaintiff, explaining that because the statute of limitations had not expired on that claim, defendant could file its trade secrets claim in the forum of its choosing. (Dkt. 327, at 5–6.)

Now before the court is defendant's motion requesting a modification of the protective order entered early in this case. (Dkt. 334.) Defendant states that it intends to file a trade secrets claim against plaintiff in a different forum, but needs to rely on confidential information obtained in this case to do so. Accordingly, defendant requests that the court modify the protective order to permit the parties to use information designated "confidential" and "highly confidential" in this case, to the same extent as here. More specifically, defendant wishes to could file its trade secrets claim against plaintiff, in a redacted form, in a new venue, as it sought to do here. Because defendant's proposed is eminently reasonable, the court will grant the motion over plaintiff's objections.

Plaintiff argues that defendant's trade secrets claim is meritless and is primarily being filed for "press attention." Such arguments can be made to the new court, and in any event, exceed this court's role in enforcing its protective order. Indeed, even if the assertions prove true, plaintiff has not articulated how it would be prejudiced by modification of the protective order, as defendant is committing to redact confidential information from any public filing until the parties can seek a more tailored protective order in the forum where defendant chooses to file its trade secrets complaint.

Plaintiff also argues that defendant could file a trade secrets claim without relying on or referring to confidential information obtained during discovery in this case. Again, however, this argument does not show prejudice to plaintiff. On the contrary, because defendant represents that it discovered the basis for its trade secrets claim upon review of materials designated as confidential in this case, and intends to rely on them in its pleadings, the motion is actually seeking to proceed in a manner that is protective of plaintiff's interest in confidentiality.

Defendant has shown good cause for modification of the protective order, and plaintiff's arguments about undue prejudice are unpersuasive. Plaintiff has identified no persuasive reason why defendant's proposed modification of the protective order would be insufficient to protect plaintiff's confidentiality concerns. Accordingly, the court will modify the protective order as proposed by defendants.

IT IS ORDERED that:

1) Defendant Anheuser-Busch Companies, LLC's motion to alter the protective order (dkt. #334) is GRANTED.

2) The protective order (dkt. #78) is modified as follows:

In any claim based on the facts alleged in Anheuser-Busch Companies' proposed Counterclaim filed in this case, the Protective Order is clarified or modified to provide that information designated "Confidential" and "Highly Confidential – Attorney's Eyes Only" may be used in such proceeding to the same extent as used in this case, under the same procedures for filings. The Protective Order, as modified, shall remain in full force and effect until modified, superseded, or terminated by order of the court in which such claim is filed.

Entered this 19th day of July, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge